IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHAD BRYDEN,  <br><br>    Plaintiff,<br><br>  vs.<br><br>BOYS AND GIRLS CLUB OF ROCKFORD,<br><br>    Defendant. | Case No. 09 C 50290<br><br>Judge<br>Frederick Kapala<br><br>Magistrate Judge<br>P. Michael Mahoney |

**MEMORANDUM OPINION AND ORDER**

This case arises out of the circumstances surrounding Plaintiff's separation from his employment with Defendant. Plaintiff alleges he reported certain improprieties committed by his supervisor, Mr. Stoner, and was retaliated against for doing so. He also alleges he was terminated for discriminatory reasons on the basis of disability and that his Family and Medical Leave Act rights were violated. Before the court is Plaintiff's motion for sanctions based on Defendant's alleged failure to retain certain electronic discovery materials.

During the discovery process, Plaintiff requested that Defendant turn over all materials relevant to the allegations of improprieties, including documents showing allegedly inappropriate financial transactions made by Plaintiff's supervisor and emails that contain what Plaintiff describes as pornographic and/or sexually offensive material. Plaintiff then filed a motion to compel alleging that Defendant failed to respond to discovery requests. At a hearing on January 21, 2011, the court heard argument on Plaintiff's motion to compel and ruled on the motion in open court as to each outstanding discovery request. However, in its briefs and during

1

its arguments to the court, Defendant described how certain electronic documents that may have been responsive to Plaintiff's requests were destroyed. Defendant represents that the third party contractor that hosts its domain and email accounts upgraded its server without Defendant's knowledge in January 2010, and that this led to the deletion of all of Defendant's prior emails.

Plaintiff now seeks sanctions in the form of a default judgment, or in the alternative, an adverse inference finding against Defendant regarding the deleted materials, plus an award of costs and fees. Plaintiff further requests leave to retain an electronic forensics expert at Defendant's expense to review "Defendant's computer servers." Plaintiff primarily argues that the electronic documents were destroyed willfully or by the fault of Defendant, and that their destruction caused harm to Plaintiff. Defendant does not dispute that certain documents were not retained, but argues that sufficient documentation has been provided, and the remainder of what Plaintiff seeks is not relevant.

The Federal Rules of Civil Procedure instruct that the court should not impose sanctions on a party for failing to preserved electronically stored information as a result of the routine, good-faith operation of an electronic information system. FED. R. CIV. P. 37(e). In considering whether sanctions are appropriate where a party has failed to preserve discoverable information, many courts have considered the following factors: (1) was there a duty to preserve documents; (2) was the duty to preserve breached; (3) does the culpability for the breach rise to the level of willfulness, bad faith, or fault; (4) did the party seeking production suffer prejudice as a result of the breach; and (5) can an appropriate sanction ameliorate the prejudice from the breach. *See Wells v. Berger*, 2008 WL 4365972 at *6 (N.D. Ill. March 18, 2008). The Seventh Circuit has interpreted Supreme Court case law as indicating that the levels of culpability – willfulness, bad

faith, or fault – are distinct from one another, and a court may award sanctions if it finds evidence of any of the three. *See Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976)). In considering what sanctions are appropriate, the Seventh Circuit has indicated that courts should consider whether the sanctions are "proportionate to the circumstances surrounding the failure to comply with discovery." *Langley v. Union Electric, Co.*, 107 F.3d 510, 515 (7th Cir. 1997).

The sanctions Plaintiff is seeking are severe relative to the spectrum available under Rule 37. Clearly, the court may impose such sanctions where it finds flagrant bad faith and callous disregard for litigation responsibilities on the part of a party or its counsel. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Seventh Circuit has found that the sanctions of dismissal or adverse inference findings should be supported by evidence of intentional destruction in bad faith. *Faas v. Sears, Roebuck, & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). The mere existence of notice followed by a failure to preserve documents does compel a finding of bad faith. Rather, courts should look for clear and convincing evidence of "an intentional act by the party in possession of the allegedly lost or destroyed evidence" for the purpose of hiding adverse information. *Fass*, 532 F.3d at 644; *see also, Miksis v. Howard*, 106 F.3d 754, 763 (7th Cir. 1997); *Keller v. United States*, 58 F.3d 1194, 1197 (7th Cir. 1995). The court does not find evidence that Defendant deliberately destroyed any electronically stored information in bad faith or with an intent to hide discoverable information from Plaintiff. To the contrary, Defendant has submitted affidavits stating that the deletion of electronic materials was performed by a third-party without Defendant's knowledge.

3

When considering whether a party is at fault for failing to preserve documents, courts have focused on "the reasonableness of the conduct," as opposed to Defendant's motive. *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *see also, Marrocco*, 966 F.2d at 224. Once a party is on notice of its duty to maintain information, fault may be found where a party's conduct leading to the failure to maintain such information rises to the level of gross negligence. *Marrocco,* 966 F.2d at 224. Generally, the Seventh Circuit has not considered mere mistake or negligence as an indicator of fault as it relates to sanctions. *Id.*; *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 721 (7th Cir. 2001).

The case law leads the magistrate judge to conclude that in all situations the court is to balance the interests of the parties. On one side, the court weighs the breach of duty and the culpability of Defendant for failing to preserve discovery materials. On the other side, the court weighs the need of Plaintiff for the information and the potential prejudice to Plaintiff's case caused by its absence at trial. The court views three categories of materials for which Plaintiff seems to suggest Defendant failed to maintain relevant electronic communications: (1) alleged pornographic emails received by Mr. Stoner; (2) electronic communications regarding Plaintiff's complaints of financial and otherwise fraudulent improprieties on the part of Mr. Stoner and potential other employees or agents of Defendant; and (3) communications as to Plaintiff's FMLA claims. The court will attempt to balance the interests as to each category of communication.

In order to find that Defendant had a duty to preserve, the court will evaluate when Defendant was put on notice of the potential for litigation relative to Plaintiff's claims. In a letter dated January 12, 2009, Plaintiff's counsel described to Defendant the claims Plaintiff

4

believed existed and the relevant materials related to such claims. (Pl's Mot. for Sanctions, Ex. A.) The letter specifically referenced Plaintiff's FMLA claims and his claims of retaliatory discharge for his reporting of financial improprieties and alleged viewing of pornographic emails on Defendant's computers. *Id.* Defendant's counsel acknowledged receipt of this letter in a response letter of April 23, 2009. (Pl's Mot., Ex. B.) The court finds that Defendant had knowledge of the potential for litigation, and therefore had a duty to preserve all existing relevant documents in its possession or under its control, at least as of January of 2009.

The court will now attempt to balance the interests of the parties as to Plaintiff's document requests relating to his retaliation claims. On February 23, 2011, the District Court dismissed Count V of Plaintiff's first amended complaint, in which Plaintiff claimed that he was unlawfully retaliated against by Defendant for reporting the alleged pornographic emails as a discriminatory or unlawful employment practice under Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000e-3. The District Court found that Plaintiff's allegations as to the pornographic emails did not rise to the level of a hostile work environment, and therefore, he could not establish that he had an objectively reasonable belief that he was opposing an unlawful employment practice. (Feb. 23, 2011 Order Granting Pl's Mot. to Dismiss Count V, Dkt. No. 58, p. 2.) The court finds that this order significantly diminishes the potential relevance of the allegedly pornographic electronic materials. At the same time, Plaintiff already possesses some of the allegedly pornographic emails that he obtained on his own. Defendant has represented that the emails Plaintiff possesses were deleted prior to January of 2009. The court finds the potential prejudice to Plaintiff to be minimal, and also finds little or no evidence pointing to gross negligence or unreasonable conduct on the part of Defendant. Therefore, Plaintiff's

motion will be denied as to this information.

However, Count VI of Plaintiff's complaint, which has been upheld by the District Court, alleges retaliatory discharge in violation of public policy. In upholding Count VI, the District Court specifically referred to Plaintiff's reports of Defendant's senior management misusing Defendant's credit card, stealing its property, and misappropriating grant money. (June 1, 2010 Order Granting Pl's Mot. to Dismiss, Dkt. No. 24, p. 5.) Therefore, as the case currently stands, Plaintiff's requests for Defendant's electronic communications relating to alleged financial improprieties are reasonably calculated to lead to the discovery of admissible evidence. Based on the District Court's decision, it would seem that any loss of discoverable material relating to Plaintiff's allegations of inappropriate conduct would be harmful to Plaintiff's ability to prove Count VI, and would therefore prejudice Plaintiff's case. At the same time, any finding of prejudice at this stage would be highly speculative, as neither party has stated with any specificity what documents are believed to have existed or when they were deleted. Based on the information provided to the court, it is difficult to tell if the Defendant acted negligently or unreasonably in failing to retain any related electronic information that may have existed. Defendant has turned over seven pages of handwritten notes. However, the court does not know the type of search done by the Defendant or the retention put in place as to documents requested by Plaintiff. The court simply does not have enough information to weigh the relevant factors at this time. Plaintiff's motion will be denied without prejudice as it relates to his request for materials relating to his claims of impropriety.

The materials Plaintiff is seeking relating to his FMLA communications with Defendant's agents or employees appear relevant. Counts I and II of Plaintiff's amended

complaint relate to FMLA violations, and counts III and IV are likely to relate to his medical condition insofar as he claims a disability under the Americans with Disabilities Act. To prove these claims, Plaintiff will have to show that his employer was on notice of his disability, or regarded him as having a disability, and knew that he intended to exercise rights under the FMLA. Therefore, requests for electronic communications regarding Plaintiff's reported medical conditions and need for medical leave are reasonably calculated to lead to the discovery of admissible evidence. If additional information existed and was not maintained by Defendant, it could be highly prejudicial to Plaintiff's case.

There appears to be no dispute that Defendant had a duty to maintain documents related to Plaintiff's FMLA claims. Mr. Stoner has testified by affidavit that responsive emails were preserved in a hard copy format beginning with Plaintiff's accusations in December of 2008. (Def's Resp., Ex. A, ¶ 16.) Defendant does not explain if or how a search was conducted for responsive materials or how it chose what information to preserve. Plaintiff alleges that only eight emails were turned over, and insists more must have existed. (Pl.'s Mot., p. 4.) Plaintiff's argument appears to be two-fold: (1) Defendant failed to instruct its Board Members - who are not considered employees and not users of Defendant's email system - to conduct searches for responsive documents; and (2) that additional responsive documents may have existed on Defendant's server, but Defendant's agents or employees failed to preserve them and they were lost in the server upgrade. (Pl's Reply, p. 4-6.) Plaintiff's first argument is less a matter of destruction of documents, and more focused on the scope of the discovery request and Defendant's response thereto. This can be rectified by ordering Defendant to complete a search for all responsive documents currently in its possession or control. Documents possessed by

7

Defendant Board Members, including electronic documents, may be under Defendant's control.

As to the second argument, it is difficult to tell if Defendant did, in fact, possess or control additional relevant documents as of January 2009 that it failed to preserve. Plaintiff has not described particular documents or materials that he believes existed but have not been produced. At the same time, Defendant has not explained what attempts were made to locate and preserve all relevant electronic information after it had notice of Plaintiff's FMLA allegations and prior to the loss of the electronic data. To date, Defendants have only represented that the eight emails produced "had earlier been printed and saved due to [Plaintiff's] accusations." (Def's Resp., Ex. A, ¶ 16.) It remains unclear how Defendant searched or found such documents, who among Defendant's agents and employees was aware of the duty to preserve, and whether there was any oversight as to how such decisions were made. On the other hand, Plaintiff's claim that more documents should have existed is supported only by evidence that some of the documents Defendant produced were from Plaintiff's email account and had been sent to others, thereby inferring that any widespread search should have turned up those same documents in his co-workers' accounts. In other words, the only specific materials Plaintiff claims are missing are those that would be duplicative of what has been produced. Again, the court does not have sufficient information at this time to balance the parties' interests in determining what information might be missing and the related level of culpability.

In summary, Defendant believes it retained documents relevant to Plaintiff's claims once it had notice of the potential for litigation. Plaintiff speculates Defendant knew or should have known to retain additional electronic materials, and failed to do so. There is no way to confirm this speculation because Defendant has not explained its attempts to preserve the materials and

8

all prior electronic information has been deleted. Based on lack of explanation on the part of Defendant and the speculative allegations on the part of Plaintiff, the court cannot perform an adequate balancing of the parties' interests in order to determine an appropriate outcome. Therefore, Plaintiff's motion for sanctions is denied without prejudice at this time.

**E N T E R:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

**DATE**: March 8, 2011